**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHIGAN CAN LINES, LLC,

    *Plaintiff,*

Case No.:

Hon:

DOUGLAS HEYMAN,

    *Defendant*.

Gretchen Hertz (P57603)
Matthew L. Powell (P69186)
Oakland Lawyers Group, PLLC
38955 Hills Tech Drive
Farmington Hills, MI 48331
(248) 560-0198
mpowell@oaklandlawyersgroup.com
ghertz@oaklandlawyersgroup.com
*Counsel for Plaintiff*

## MICHIGAN CAN LINES, LLC'S COMPLAINT AGAINST DOUGLAS HEYMAN FOR VIOLATIONS OF THE MICHIGAN BUILDER'S TRUST FUND ACT

Plaintiff Michigan Can Lines, LLC ("MCL") by and through its counsel, Oakland Lawyers Group, PLLC, states as follows for Complaint against Defendant Douglas Heyman ("Heyman"):

### PARTIES AND JURISDICTION

1. Plaintiff MCL is a Michigan limited liability company conducting business in Farmington Hills, Michigan with its registered office address at 38955 Hills Tech Drive, Farmington Hills, Michigan 48331.

2. Defendant Heyman is an individual who, upon information and belief, resides at 4615 Sunny Creek Lane, Sylvania, Ohio 43560-7203.

3. A substantial part of the events giving rise to the claim occurred in Eaton County

1

Michigan.

4.      The events giving rise to the claim concern real property located in Eaton County, Michigan.

5.      Eaton County is located in the Southern Division of the United States District Court for the Western District of Michigan.  LCivR 3.2.

6.      Defendant's actions in this matter caused damage to Plaintiff in excess of $75,000.00.

7.      Jurisdiction is proper in the U.S. District Court of the Western District of Michigan as there is diversity of citizenship, and the damages to Plaintiff are in excess of $75,000.00.  §28 U.S. Code §1332.

8.      Venue is proper in the U.S. District Court of the Western District of Michigan, Southern Division, as a substantial part of the events occurred in the Southern Division of the Western District, and the real estate involved in this case is located within the Sothern DIivision of the Western District of Michigan.  §28 U.S. Code §1391.

## **GENERAL ALLEGATIONS**

9.      Defendant Heyman is employed by GEM Industrial, Inc. ("GEM") as its Senior Vice President.

10.      GEM and MCL entered into an agreement whereby GEM agreed to provide design and construction services at the real property commonly known as 500 Packard Highway, Charlotte, Michigan (the "Project") for commercial purposes.

11.      In connection with the Project, MCL signed a July 24, 2023, "Project Packard-Letter of Intent" (the "LOI"), and issued Purchase Orders and related documents to GEM (collectively, the "Contracts"). The Contracts are within Defendant Heyman's possession.  The

LOI is attached as Exhibit A.

12.    MCL made payments to GEM totaling at least $28,720,188.21.

13.    Defendant Heyman was employed as Senior Vice President of GEM when the events took place that form the basis of this lawsuit.

14.    Defendant Heyman is an officer of GEM.

15.    Defendant Heyman manages the financial aspects of GEM's business.

16.    Defendant Heyman oversees GEM's accounting department.

17.    Defendant Heyman signs contracts on behalf of GEM.

18.    Defendant Heyman signs checks on behalf of GEM.

19.    Defendant Heyman signed a Claim of Lien on a property located in Eaton County, Michigan regarding money allegedly owed by Plaintiff.

20.    Defendant Heyman signed two Sworn Statements regarding money allegedly owed by Plaintiff for labor and materials provided in Eaton County, Michigan.

## VIOLATIONS OF THE MICHIGAN BUILDER'S TRUST FUND ACT

21.    MCL incorporates by reference the preceding allegations as if set forth in full herein.

22.    GEM is a contractor or subcontractor engaged in the building construction industry.

23.    Subcontractors and/or materialmen were engaged by GEM to perform labor and/or furnish material for the Project.

24.    GEM provided subcontractors, labor, and materials to the Project.

25.    GEM was paid by MCL for subcontractors, labor, and materials to be provided on the construction Project.

26.    GEM took the funds paid to it by MCL.

27.    GEM kept and/or used a portion the money for itself.

28.    Defendant Heyman caused GEM to retain and/or use part of those funds.

29.    The funds GEM retained at Defendant Heyman's direction were retained for purposes other than to first pay subcontractors and/or materialmen.

30.    GEM did not pay its subcontractors and suppliers in full.

31.    GEM used a portion of the money it received from MCL to pay for its own overhead, employees, expenses, tools, and/or materials.

32.    Defendant Heyman caused GEM to pay for its own overhead, employees, expenses, tools, and/or materials.

33.    Defendant Heyman signed the checks paying for GEM's own self-performed labor, overhead, and expenses.

34.    Defendant Heyman caused GEM to act unlawfully.

35.    When asked to account for overhead and/or profit on this Project, GEM claimed such a task was "impossible."

36.    The Building Contract Fund Act, also referred to as the Builder's Trust Fund Act, mandates that funds paid by a person to a contractor shall be considered to be a trust fund for the benefit of the person making payment, contractors, laborers, subcontractors or materialmen, and the contractor.  MCL 570.151 et seq.

37.    The Building Contract Fund Act designates that a contractor shall be considered the trustee of all funds paid to it for building construction purposes.

38.    Of the money paid to it on the Project, GEM did not hold the funds in trust for the subcontractors or for MCL.

39.    Defendant Heyman caused GEM to release the funds it was obligated to hold in

4

trust.

40.    Defendant Heyman violated the Building Contract Fund Act, MCL 570.151, et seq. by causing GEM to convert funds to its own use.

41.    GEM's inability to fully account for the money paid to it on this Project under Defendant Heyman's direction is a violation of the Building Contract Fund Act, MCL 570.151 et seq.

42.    MCL was damaged by Defendant Heyman's actions.

43.    MCL was damaged by Defendant Heyman's violations of MCL 570.151 et seq.

44.    MCL's damages exceed $75,000.00.

Wherefore, MCL respectfully requests this Honorable Court award MCL damages in an amount in excess of $75,000.00, including actual damages, treble damages for conversion of funds, attorney fees, costs, and any other relief this Court deems just and appropriate.

Dated: July 2, 2026

Respectfully Submitted,
Oakland Lawyers Group PLLC


*/s/ Gretchen Hertz*

By: _____
Gretchen Hertz (P57603)
Matthew L. Powell (P69186)
38955 Hills Tech Drive
Farmington Hills, MI 48331
(248) 560-0198
ghertz@oaklandlawyersgroup.com
mpowell@oaklandlawyersgroup.com
*Counsel for Michigan Can Lines, LLC, and
500 Packard Highway, LLC*

5